UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

DOUGLAS KRUSLEY,

    Petitioner,

V.

KEVIN R. MAZZA,
Warden at Northpoint Training Center

    Respondent.

CIVIL ACTION NO. 6:24-CV-88-KKC-EBA

**OPINION & ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the petitioner Douglas Krusley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DE 1) and Magistrate Judge Edward B. Atkins' recommendation. (DE 16.)

Krusley filed objections to the magistrate judge's report and recommendation ("R&R"). (DE 17.) When objections are submitted to the magistrate judge's report, the district court reviews the record *de novo*. 28 U.S.C. § 636(b)(1)(c). To the extent that Krusley does not specifically object to the R&R, the Court concurs in the result recommended by the magistrate judge. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The Court, having reviewed the record *de novo* in light of Krusley's objections and being otherwise advised, will accept the magistrate judge's recommended disposition.

I.

Douglas Krusley is a state prisoner who was convicted in Pulaski Circuit Court of first-degree rape in violation of KRS § 510.040. He was sentenced to fifteen years in prison.

Krusley alleges that his imprisonment is unconstitutional. Proceeding *pro se*, he brings this 28 U.S.C. § 2254 action and requests that his conviction be vacated and "[h]is record be [expunged]." (DE 1 at 74.) Before the magistrate judge, the Warden filed a limited answer asserting untimeliness as a defense to Krusley's petition. Thus, before considering the merits of Krusley's petition, the magistrate judge determined whether Krusley's petition was timely. The magistrate judge determined that it was not and that no rules of tolling were applicable to save the tardiness of Krusley's petition. (DE 16.)

## II.

As an initial matter, Krusley requests an evidentiary hearing. Circuit precedent is clear, however, that a habeas petition "may be summarily dismissed [without a hearing] if the record clearly indicates that the petitioner's claims are either barred from review or without merit." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citation omitted). For the following reasons, the Court finds that Krusley's claims are barred from review and therefore denies his request for an evidentiary hearing.

The R&R concludes that Krusley's petition is barred pursuant to timeliness requirements for filing a habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). (DE 16 at 3.) Section 2244(d)(1) of the AEDPA provides that prisoners have one year from the date their convictions become final to file a petition for writ of habeas corpus with a federal court. While Krusley objects to the degree by which the magistrate judge found his habeas petition to be untimely,[1] he ultimately does not object to the determination that his petition was, in fact, untimely. (DE 17 at Page ID# 494) (stating in his objections that he was "at most 40 days delayed in filing his Federal Habeas Corpus petition in the District Court."). Thus, because Krusley does not specifically

---

[1] The magistrate judge concluded that Krusley's petition was filed two-hundred-sixty-three (263) days after the one-year limitations period had expired.

2

object to the magistrate judge's conclusion that his petition was untimely, the Court concurs in the result recommended in the R&R. *Howard*, 932 F.2d at 509.

Instead of challenging the timeliness issue, Krusley's objections to the R&R focus on whether principles of tolling should save his untimely petition. First, Krusley objects to the magistrate judge's conclusion that equitable tolling does not apply to his petition. Habeas petitions may benefit from equitable tolling in limited circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). An otherwise time-barred habeas petition may be reviewed on the merits if "a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner "bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citation omitted). Here, Krusley objects to the magistrate judge's equitable tolling conclusion on the following bases: (1) he claims he suffered from mental health issues which prevented him from timely filing his petition; and (2) he claims the COVID-19 pandemic prevented him from timely filing his petition.

Krusley alleges he has mental health issues that serve as "extraordinary circumstances" which stood in his way of filing his habeas petition. The Court notes as an initial matter that Krusley's argument may be procedurally barred. Krusley did not argue mental health issues as grounds for equitable tolling initially. The only instance of Krusley raising any medical concern as an issue before the magistrate judge occurred when he cited general "health conditions" as an extraordinary circumstance he claims stood in the way of filing the instant petition. (DE 15 at Page ID# 474.) Even then, Krusley only raised these health concerns within the context of his argument that the COVID-19 pandemic delayed his

3

filing. The magistrate judge thus never had the opportunity to consider Krusley's alleged mental health issues, and "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments[.]" *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted).

Even if his argument is not procedurally barred, Krusley's alleged mental health issues cannot serve as "extraordinary circumstances" which justify the application of equitable tolling. The Court agrees that mental health issues may serve as a basis for equitable tolling. *See Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). But Krusley's argument fails for lack of support. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (claims that mental health issues serve as "extraordinary circumstances" must be factually supported). While Krusley alleges his mental health issues are well documented in the exhibits attached to his objections, the documents submitted do not support the allegation.

Moreover, "a habeas petitioner must allege more than the 'mere existence of physical or mental ailments' to invoke the equitable tolling of the AEDPA's statute of limitations." *Brown v, McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002) (citation omitted). A petitioner must also show a "causal connection between [their] mental illness and [their] ability to file a timely federal habeas petition." *McSwain v. Davis*, 287 F. App'x 450, 457 (6th Cir. 2008). Here, not only has Krusley failed to provide evidence which supports the presence of mental health issues, but Krusley has also failed to present evidence supporting a causal connection between any mental health issues and his ability to file a timely petition. Accordingly, Krusley's alleged mental health issues are not a sufficient extraordinary circumstance justifying the application of equitable tolling.

Krusley next objects to the magistrate judge's conclusion that the COVID-19 pandemic was not an "extraordinary circumstance" sufficient to trigger equitable tolling.

Equitable tolling arguments related to the COVID-19 pandemic are only tenable when a petitioner can demonstrate how specific circumstances related to the pandemic hindered their ability to timely file. *United States v. Amos*, No. 20-4-DLB-HAI, 2022 WL 2828796, at *3 (E.D. Ky. July 20, 2022). In his objections, Krusley argues the COVID-19 pandemic constitutes an extraordinary circumstance because it prevented him from obtaining "his necessary court records and other material[s]," needed to file his habeas petition. (DE 17 at Page ID# 495.) Again, Krusley's argument may be procedurally barred. Before the magistrate judge, Krusley argued the COVID-19 pandemic was an extraordinary circumstance because it led to him being "denied access to the library to use the Lexis Nexis Computer and typewriters in order to help aid him in his habeas corpus" petition. (DE 15 at Page ID# 474.) Thus, Krusley is plainly making a new argument before this Court which was not properly presented to the magistrate judge first. *See Murr*, 200 F.3d at 902 n.1.

Krusley's COVID-19 argument nonetheless fails even if it is not procedurally barred. Courts have consistently held that lack of access to legal materials, whether caused by the COVID-19 pandemic or some other circumstance, does not provide grounds for equitable tolling. *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling[.]"). Accordingly, Krusley's contention that the COVID-19 pandemic effected his ability to timely file his habeas petition is unavailing and does not warrant the application of equitable tolling.

Finally, Krusley objects to the magistrate judge's determination that "actual innocence" does not excuse his late filing. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, the expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383,

386 (2013). The standard for proving actual innocence requires a petitioner to "persuade[] the district court that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Importantly, the petitioner must, in fact, present "new" evidence that has not been previously considered or that was not available to them at the time the petitioner took their direct appeal. *Moore v. Woods*, No. 18-1356, 2018 WL 3089822, at *3 (6th Cir. June 20, 2018). Such new evidence must also be credible. *Schlup*, 513 U.S. at 324.

The magistrate judge correctly concluded that Krusley fails to present either new or credible evidence to prove his actual innocence. Krusley specifically objects to the R&R's finding with respect to evidence he states is related to the element of "forcible compulsion."[2] (DE 17 at Page ID# 498.) The evidence consists of supposed testimony from Krusley himself that there were alternative explanations for bruising the complaining witness experienced— that bruising having been used by the Commonwealth to prove forcible compulsion. It is clear to the Court, however, that the "evidence" which Krusley suggests proves his innocence was already considered on direct appeal in *Krusley v. Commonwealth*, No. 2014-CA-001223-MR, 2015 WL 8528398, at *3–4 (Ky. Ct. App. Dec. 11, 2015) (holding that the "circuit court's failure to allow evidence of a possible alternate source of the bruises," did not violate Krusley's rights because the "'evidence' at issue was not actually evidence, but rather a mere allegation by defense counsel, based upon hearsay from," Krusley). And because evidence "available to him at the time of his direct appeal," is not "new" evidence under the *Schlup* standard, Krusley's actual innocence claim fails. *Moore*, 2018 WL 3089822, at *3.

---

[2] Pursuant to KRS 2 510.040(1), a person is guilty of rape in the first degree when:
   (a) He engages in sexual intercourse with another person by forcible compulsion; or
   (b) He engages in sexual intercourse with another person who is incapable of consent because they:
     (1) are physically helpless; or
     (2) are less than twelve (12) years old.

In conclusion, Krusley's objections to the R&R are unavailing and do not save the untimely nature of his habeas petition. Accordingly, the Court must deny Krusley's petition.

### III.

For the reasons stated above, it is hereby ORDERED that

1. the report and recommendation (DE 16) is ADOPTED as the Court's opinion;

2. the plaintiff's petition under 28 U.S.C. § 2254 (DE 1) is DENIED;

3. a certificate of appealability will not be issued, the Court having found that no jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and

4. a judgment consistent with this order and the report and recommendation will be ENTERED.

This 7th day of January, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY